TOM BLACK v. THE STATE.

No. 1913.    Decided October 23, 1912.

**1.—Aggravated Assault—Indictment—Words and Phrases—Person Injured.**

Where, upon trial of aggravated assault, the word "said" was omitted in the indictment in designating the party injured, there was no error in overruling a motion in arrest of judgment on the ground that the indictment did not use plain and intelligible words in designating the person injured.

**2.—Same—Evidence—Bills of Exceptions.**

Where no bills of exception were reserved to the introduction of evidence, the matter could not be considered on appeal.

**3.—Same—Sufficiency of the Evidence—Alibi.**

Where, upon trial of aggravated assault, the evidence was sufficient to sustain the conviction and the jury decided adversely on defendant's claim of alibi, there was no reversible error.

Appeal from the County Court of Harrison. Tried below before the Hon. Geo. L. Huffman.

Appeal from a conviction of aggravated assault; penalty, a fine of $50 and six months confinement in the county jail.

The opinion states the case.

*M. B. Parchman* and *Lane & Lane,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This is a companion case to that of Bagley v. State, this day decided. The facts are practically the same; at least, there is not sufficient difference to require particular notice.

There are two bills of exception in this record; the first was reserved to the action of the court refusing to quash the indictment, and the second was reserved to the action of the court overruling the motion in arrest of judgment. Both motions to quash and in arrest of judgment are directed against the sufficiency of the indictment; in both it is alleged that the indictment charges no offense against the laws of the State, and is not in plain and intelligible language, and, third, that the indictment does not in plain and intelligible words designate the person upon whom the offense was committed. The charging part of the indictment is as follows: "did then and there unlawfully commit an aggravated assault and battery in and upon Ed Smith, and did then and there beat, bruise and wound Ed Smith with some hard instrument, the name of which is to the grand jurors unknown, and did then and there thereby and therewith inflict serious bodily injury upon the said Ed Smith." Commenting upon this appellant claims that where the language is used "did then and there beat, bruise and wound Ed Smith with some hard instrument," the indictment is deficient in not using the word "said" in the expression in and on Ed Smith. In order to make it intelligible it should have said "in and upon said Ed Smith." We are of opinion this criticism has no merit in it.

All that portion of the motion for new trial which relates to the introduction of evidence will not be noticed by reason of the fact bills of exception were not reserved.

The other questions are the same practically, if not exactly, as those raised in the companion case of Bagley v. State, this day decided. The two cases arose out of the same transaction, to wit: the whipping at night of Ed Smith by a considerable crowd of men, some of whom were white and some negroes. The reason assigned by them is that he had "turned in" Tom Black under a charge of "bootlegging." Alibi was relied upon in this case as in the Bagley case. The jury decided this matter adversely to appellant. They had the witnesses before them, saw and heard them, and passed upon the weight of their testimony and the credibility they thought right and proper to attach to their testimony. We do not feel justified in setting aside the verdict for this reason.

The judgment is affirmed.

*Affirmed.*